**Patrick Smock, Esq.**
**401 Wampanoag Trail, Suite 300**
**East Providence RI 02195**
**Telephone (888) 434-5500 Extension 4385**
**Rhode Island Bar Number 644450**

**Joshua L. Goldstein, Esq.**
**6 Beacon Street, Suite 600**
**Boston, MA 02108**
**Telephone (617) 722-0005**
**Massachusetts Bar Number 644450**

**Attorneys for Plaintiff**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 07 303 S

| | |
|---|---|
| **MOHAMED HALLAK**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MICHAEL CHERTOFF, Secretary Department of Homeland Security; EMILIO T. GONZALEZ, Director U.S. Citizenship and Immigration Services; DENIS RIORDAN, Director, Boston District Office of the U.S. Citizenship and Immigration Services; ALBERTO GONZALES, Attorney General Of the United States; ROBERT MUELLER III, Director Federal Bureau of Investigations**<br><br>**Defendants.** | **No.:** ____________________<br><br>**COMPLAINT FOR NATURALIZATION** |

INTRODUCTION

1. This is a lawsuit brought by Mohamed Hallak to obtain naturalization by this court pursuant to 8 U.S.C. §1447(b). Defendants have unlawfully delayed decision on Plaintiff's application for naturalization for over 120 days after the day of examination.

Plaintiff requests that the Court grant his naturalization application, and give him his oath of citizenship. Plaintiff has not received final approval of his application for the sole reason that Defendants have not completed "name checks," above and beyond his criminal background check that has already been completed. Thus, pursuant to 8 U.S.C. § 1447(b), Plaintiff now assert his right to have this Court assume jurisdiction of his naturalization application.

2. Plaintiff is a lawful permanent resident of the United States who is statutorily eligible to naturalize and become a United States citizen. Plaintiff's application for naturalization has been unlawfully delayed by the Defendants. As a consequence, this Court has jurisdiction to adjudicate Plaintiff's naturalization application and to grant him naturalization pursuant to 8 U.S.C §1447(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this case pursuant to 8 U.S.C §1447(b), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 2201 (declaratory judgment) and 5 U.S.C. § 701 (Administrative Procedures Act).

4. In *Meyersiek v. USCIS*, No. 05-398, 2006 U.S. Dist. LEXIS 37255 (D.R.I. 2006), this Court held that when the U.S. Citizenship and Immigration Services ("USCIS") fails to make a determination within 120 days of a naturalization interview, this Court gains jurisdiction over the naturalization application pursuant to 8 U.S.C. § 1447(b). Since

Plaintiff in this case has been waiting many more than 120 days since the date of his interview, jurisdiction clearly vests.

5. Venue is proper to this district pursuant to 28 U.S.C. § 1391(e) and 8 U.S.C. § 1447(b) because Plaintiff resides within the district of this court.

PARTIES

6. The Plaintiff, Mohamed Hallak, is a resident of Cranston, Providence County, Rhode Island. The Plaintiff is a native of Syria and is a legal permanent resident of the United States. His claim for naturalization arises under § 336(b) of the Immigration and Nationality Act, as amended ("INA"), 8 U.S.C. § 1447(b).

7. The Defendants are Michael Chertoff, the Secretary of the U.S. Department of Homeland Security ("DHS"), Emilio T. Gonzales, Director of USCIS, an agency within the DHS, Denis Riordan, Director of the Boston [Massachusetts] Office of the USCIS. As Director of USCIS Boston District Office, Mr. Riordan is the Director in charge of the USCIS Sub-Office in Providence, serving the state of Rhode Island, where the Plaintiff resides and applied for naturalization. Alberto Gonzales, the U.S. Attorney General, and Richard Mueller III, the Director of the U.S. Federal Bureau of Investigations ("FBI"). In their respective capacities, Michael Chertoff, Emilio T. Gonzales, Denis Riordan, and Alberto Gonzales are responsible for the grant or denial of this naturalization application under the INA and implementing regulations. In addition, Plaintiff has named Richard Mueller III, the Director of the FBI, as a co-defendant. The FBI is responsible for running all applicants for naturalization through its "name check" program. Defendant Mueller is

sued in his official capacity. *See, e.g.* 8 U.S.C. § 1421, 8 C.F.R. § 310, and 8 C.F.R. § 316.3.

## FACTS

8. On or about October 28, 2004, Mr. Hallak filed his application for naturalization (Form N-400, Receipt No. ESC*001325546). He was fingerprinted by USCIS, and before scheduling an interview, the FBI provided a complete criminal background to USCIS. Mr. Hallak attended a naturalization interview on June 8, 2005 at USCIS offices in Providence, Rhode Island. During his interview, Mr. Hallak responded truthfully to all questions and provided all requested information, and successfully passed the examinations of English language, history and civics. The examining officer issued an N-14 requesting a certified final divorce certificate and evidence that Mr. Hallak had provided child support for his two children living in Syria. Despite providing the requesting documentation to USCIS in a timely manner, Mr. Hallak's application has not been adjudicated. USCIS has not requested any additional documentation. Since his interview, Mr. Hallak has made numerous inquiries to the Defendants regarding the status of his application. Each time he was informed that his "name check" is still pending. He was fingerprinted again on April 25, 2006. But the Defendants have still not completed his "name check" or scheduled his oath ceremony. To resolve this "name check", United States Senator Jack Reed contacted the Defendants on behalf of Mr. Hallak. In response to this inquiry, Mr. Hallak received a letter from the Senator's office stating that his "name check" remains pending.

9. Plaintiff has met all the eligibility requirements for naturalization. He has met the residence requirements, is of good moral character, is attached to the Constitution, and has passed the English, history and government tests. He has completed the FBI criminal background check. He has no criminal record. Mr. Hallak would have been approved for naturalization if USCIS had properly followed the relevant statutes and implementing regulations.

10. At his naturalization interview, Plaintiff received a notice from Defendants advising him that pursuant to the governing statute, if a decision in his case is delayed more than 120 days from the date of the interview that he may carry forward his application before a federal district court.

## CLAIMS FOR RELIEF

11. Plaintiff re-allege and incorporate by reference as if set forth fully herein the statements in paragraphs 1 through 10 above.

12. The comprehensive statutory scheme created by Congress to govern the naturalization process includes a requirement that determinations be made promptly. 8 U.S.C. § 1447(b). If Defendants have not made a determination on the citizenship application before the end of the 120-day period after the date on which the naturalization interview is conducted, the applicant is entitled to apply to a United States District Court for relief, which may include a request that the District Court assume jurisdiction over the application and grant the applicant citizenship. *Id.*

13. This 120-day limitation on agency action is reinforced by the agency's regulation implementing the statute, 8 C.F.R. § 335.3, which provides that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant." Thus, the agency has a non-discretionary duty to adjudicate this application within that time period.

14. The 120-day statutory grace period has passed since the date of the interview but USCIS has not made a decision on Plaintiff's application. At the time of his interview, Mr. Hallak received a notice from USCIS informing him that if a decision had not been rendered by USCIS within 120 days of his interview he had the statutory right to seek naturalization before a federal district court. Thus, as advised by Defendants, Plaintiff is asserting his right to have this Court assume jurisdiction of his naturalization application.

REQUESTS FOR RELIEF

15. Assume jurisdiction over this matter;
16. If necessary, order that a hearing take place in this matter, in which the application is reviewed *de novo*;
17. Grant Plaintiff's application and administer the oath of citizenship;
18. Direct Defendants to promptly issue Certificates of Naturalization for Plaintiff;
19. Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act; and
20. Grant any and all further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 13th day of August, 2007.

By: ________________________

Joshua L. Goldstein, Esq.
6 Beacon Street, Suite 600
Boston, MA 02108
Telephone (617) 722-0005
Massachusetts Bar Number 644450

By: ________________________

Patrick Smock, Esq.
401 Wampanoag Trail, Suite 300
East Providence RI 02195
Telephone (888) 434-5500 Extension 4385
Rhode Island Bar Number ~~644450~~ 7550

Attorneys for Plaintiff